## THE PEOPLE v: JAMES M. CLEMENT.

*Criminal law—Commencement of prosecution—Statute of limita-
tions—Complaint—Warrant—Seduction—Fugitive from
justice.*

1. Making a complaint in a criminal case is not such a commence-
ment of suit as will prevent the running of the statute of limi-
tations.

2. A complaint for an offense not triable by a justice may be
oral, although the better practice is to reduce it to writing.

3. In order to commence a criminal prosecution, there must not
only be a complaint on oath, but a warrant must be issued
by the justice, and placed in the hands of an officer for
service.

4. How. Stat. § 9507, deducting from the statutory period of limi-
tation the time during which the party charged was not
usually or publicly a resident within this State, does not
apply to prosecutions for seduction.

5. Our statutes provide for the prosecution of offenders who are
fugitives from justice, and there is no difficulty in commencing
a prosecution for seduction within the statutory year when the
offender flees from justice.[1]

6. The question whether a warrant has been ·issued and delivered
to an officer, if in dispute, is for the jury.

Error to Oakland. (Moore, J.) Argued June 27, 1888.
Decided October 26, 1888.

Respondent was convicted of seduction. Reversed. The
facts are stated in the opinion.

*Daniel L. Davis* and *Peter B. Bromley*, for respondent.

*Moses Taggart*, Attorney General, and *Arthur R. Tripp*,
Prosecuting Attorney, for the people, contended:

1. The complaint made to the magistrate is a commencement of
prosecution, and arrests the running of the statute of limita-

---

[1] See *People v. Kuhn*, 67 Mich. 463 (head-note 2.)

tions; citing *State v. Howard*, 15 Rich. Law, (S. C.) 282; *Reg. v. Parker*, 9 Cox Crim. Cas. 478; *Rex v. Willace*, 1 East, P. C. 186; and it has been held that the issuing of a warrant by a magistrate on a preliminary examination was sufficient to save the statute; citing Bish. Stat. Cr. § 261 (notes); Whart. Crim. Law, § 449 (notes); 1 Russell, Crimes, 645, 646.

CHAMPLIN, J. The statute provides that no prosecution for seduction shall be commenced after one year from the time of committing the offense.[1]

In this case complaint was made before a justice within the year, but it was not clearly proved that a warrant had been issued and delivered to the officer to be served within the time.

The main question presented by the record is whether making a complaint before a justice is a commencement of prosecution so as to prevent the statute from running.

I think it is not. The complaint is not required to be reduced to writing or signed by the party, or filed with the justice. The justice may reduce it to writing if he sees fit, and ordinarily this is the best practice. I think it would be a dangerous doctrine to hold that an oral complaint, on oath, may be made before a justice, charging a person with crime, and then the justice may delay further proceedings until the statute of limitations expires, and then proceed to issue his warrant for the apprehension of the offender. If this may be done where the limitation is one year, it may be where the limitation is six years. It is plain that such construction of the statute would open the door to grave abuses. The justice might delay until after witnesses to establish the innocence of the accused have died, or removed from the vicinity, or until the facts and circumstances have been forgotten, and the proof made difficult or impossible. I think that, in order to commence a prosecution, there must not only be a

---

[1] How. Stat. § 9283.

complaint on oath, but a warrant must be issued by the justice, and placed in the hands of an officer for service. This is the construction placed upon the statute of limitations in civil actions, and I perceive no good reason why it should not apply to criminal prosecutions.

I do not think that section 9507, How. Stat., applies to prosecutions for seduction. That applies by its terms to prosecutions which are to be commenced within six years. The statute says:

"But any period during which the party charged was not usually and publicly a resident within this State, shall not be reckoned as part of the six years."

Our statutes provide for the prosecution of offenders who are fugitives from justice, and there is no difficulty in commencing a prosecution for seduction within the year when the offender flees from justice.

In this case there was some question whether a warrant had been issued and delivered to an officer to be served within a year from the time the offense was charged to have been committed. This question should have been submitted to the jury as requested by the counsel for respondent. The judgment should be reversed, and a new trial granted.

MORSE, CAMPBELL, and LONG, JJ., concurred with CHAMPLIN, J.

SHERWOOD, C. J., (*dissenting*). The crime in this case charged against respondent is seduction, committed with Lucy M. Gregory, in the township of Springfield, at her father's house, in Oakland county, on or about November 29, 1885.

The respondent was tried, and convicted of the offense charged, at the last February term in the Oakland circuit, and was sentenced by Judge Moore to imprisonment at Jackson for the term of two years. The proceedings

in the case are now before us for review. Fifteen errors are assigned upon the record. Twelve relate to the proceedings had previous to the charge being given, and the remaining three are to the refusals to charge.

. The first and last assignments of error are to exceptions taken to remarks made by the prosecuting attorney in opening and closing the case to the jury. In view of the peculiar circumstances surrounding this case, I do not think what was excepted to in these arguments furnish any sufficient ground for reversing this judgment, and I am not prepared to say that they were even subject to exception.

The errors assigned upon the rulings made in taking the testimony cannot any of them be sustained, and it is not essential that they be further herein considered.

The three requests to charge which the court refused, as asked by defendant's counsel, read as follows:

"1. If the jury find that there was no warrant issued and delivered to an officer for service within one year after the alleged offense, the defendant must be acquitted.

"2. The question as to whether a warrant was issued and delivered to an officer is one upon which the jury must be satisfied of beyond a reasonable doubt before the respondent can be convicted.

"3. If the jury find that there was a warrant issued in this case, but not delivered to an officer for service, and was not served upon the respondent, and he arrested, within one year from the alleged offense, the jury must acquit."

These several requests raise the important question in the case. It is whether, under our statute, the prosecution was barred. The statute prescribing the punishment for the offense charged, in the last clause, says:

"No prosecution shall be commenced under this section after one year from the time of committing the offense."

And the judge upon this subject charged the jury, as the law applicable to this case, as follows:

"Under the latter clause of this section of the statute, the defendant, by his counsel, asks the court to charge that, unless there was not only a complaint made, but a warrant issued and put in the hands of an officer, for the purpose of having it served, the prosecution comes too late.   *   *   *   For the purposes of this case, and you will regard it as the law which is to govern you, I charge you that if you find, beyond a reasonable doubt, that there was a complaint made before the justice, Mr. Webster, within a year from the 29th of November, 1885, for the purpose of commencing a criminal prosecution against this defendant for the crime charged in this information, that would be a sufficient commencement of the prosecution, so that the action would lie."

It is the commencement of the prosecution within the year which saves the statute from running, and the only question to be determined in the application of law upon this subject is, what is to be considered the commencement of the prosecution?

A complaint is the first and a necessary prerequisite to a valid prosecution under our practice.  It is that which gives the court jurisdiction to issue the warrant, and, if a warrant is subsequently issued upon such complaint, it is difficult to see why the complaint is not the commencement of the prosecution.  *People v. Lynch*, 29 Mich. 274; *Turner v. People*, 33 Id. 369.  It is the fact that complaint is made which sets the law in motion in a criminal prosecution, and I can conceive of no good reason why it should not be regarded as the commencement of the prosecution when upon it a warrant has been issued, and the proceedings thereon are continued until an information is filed, upon which trial is had and judgment rendered, as in this case.  *State v. Howard*, 15 Rich. Law, 282; *Reg. v. Cox*, 9 Cox Crim. Cas. 301; *Rex v. Willace*, 1 East. P. C. 186.

I think the law as given by Judge Moore is both reasonable and right, whatever may be found to the contrary, and should be allowed to prevail in the case.

The case of *People v. Clark*, 33 Mich. 112, is called to our attention by counsel for respondent. The question there presented does not arise in this case. There it was held that the issuing of a warrant, and placing it in the hands of an officer, was a sufficient commencement of suit. The question of whether or not complaint made and filed in good faith, for the purpose of obtaining a warrant, which was afterwards issued upon it, and the party arrested thereon, and tried and convicted, would be sufficient, did not arise in the case, and was not argued.

It appears that the respondent was not usually or publicly a resident within the State for some time before the year expired, and in such case it is provided by the general statute that during such period the statute does not run. How. Stat. § 9507. I think with great propriety the provisions of this section might be applied to the present case. There is the same reason for the application in criminal cases as in civil proceedings, and the necessity is of much greater consequence.

It is conceded by my brethren, as the case is now presented, the principal question raised is one of practice, not yet settled in this State. In settling rules of practice, as well as in their application, the ends of justice and rights of the parties should always be allowed to control and govern; otherwise legal proceedings become a delusion and a snare; and such, I think, is the effect in this case, if this respondent is permitted to avail himself of the technicality now raised in the opinion handed down by my brethren.

The judgment should, in my opinion, be affirmed.