PEOPLE v EMIG

Docket No. 120924. Submitted January 16, 1991, at Detroit. Decided
May 6, 1991, at 9:10 A.M.

Thomas J. Emig, following a bench trial in the 36th District
Court, Elbert E. Nance, Jr., J., was found guilty of soliciting an
act of prostitution in violation of Detroit Ordinance 38-9-5. The
Recorder's Court of the City of Detroit, John Patrick O'Brien,
J., reversed, ruling that the prosecution failed to prove that the
defendant had ,offered a specific sum of money for the act of
prostitution. The prosecution appealed by leave granted.

The Court of Appeals *held:*

The ordinance provides in part that it is unlawful for any
person to offer to engage the services of another person for an
act of prostitution by payment in money or other forms of
consideration. The ordinance does not require the offer of a
specific monetary sum. In this case, the defendant's statement
to an undercover policewoman that they would determine her
fee for the solicited act of fellatio at a later time was sufficient
to establish the offense.

Reversed.

CRIMINAL LAW — SOLICITING ACTS OF PROSTITUTION — OFFER OF
MONEY.

Conviction under a Detroit city ordinance which makes it unlaw-
ful for any person to offer to engage the services of another
person for an act of prostitution by payment in money requires
proof of an offer of money, but not a specific sum of money
(Detroit Ordinances, § 38-9-5).

*Donald Pailen,* Corporation Counsel, and *Salina
Nelson,* Assistant Corporation Counsel, for the
people.

REFERENCES
Am Jur 2d, Prostitution §§ 2, 7, 8.
Validity and construction of statute or ordinance proscribing solici-
tation for purposes of prostitution, lewdness, or assignment—
modern cases. 77 ALR3d 519.

*Marc R. Lakin,* for the defendant.

Before: MARILYN KELLY, P.J., and HOLBROOK, JR., and MICHAEL J. KELLY, JJ.

MARILYN KELLY, P.J. The prosecutor appeals, by leave granted, from a Detroit Recorder's Court order reversing defendant's conviction in the 36th District Court for violation of Detroit's antiprostitution ordinance. Detroit Ordinances, § 38-9-5. He contends that the Recorder's Court judge erred in ruling that a person has not violated the ordinance unless the person has offered to pay a specific sum of money. We agree with the prosecutor and reinstate the conviction.

The Detroit antiprostitution ordinance states:

> It shall be unlawful for any person to . . . offer to engage the services of another person for an act of prostitution, or an act involving the touching or contacting the genitals of or by another, by the payment in money or other forms of consideration. [Detroit Ordinances, § 38-9-5.]

Our primary objective, when interpreting a statute or ordinance, is to ascertain and give effect to the intent of its framers. When the language is clear and unambiguous, judicial interpretation to vary the plain meaning is precluded. *People v Brooks,* 184 Mich App 793, 797; 459 NW2d 313 (1990).

The Detroit antiprostitution ordinance in clear terms prohibits a person from offering to pay for sexual acts. It does not state that a fixed monetary sum must be offered. Were we to require such specificity, when the ordinance does not, we would frustrate the manifest purpose of the ordinance. A similar enactment was interpreted in *Robinson v*

*State,* 643 SW2d 141, 143 (Tex Crim App, 1982). There, the prosecutor was not required to prove that a "sum certain" was ever set in order to establish that a defendant offered to engage in sexual conduct for a fee.

In this case, the district court convicted defendant after finding that he offered to pay money to an undercover police officer to perform fellatio on him. The Recorder's Court erred when it reversed the conviction on the ground that a specific fee for the act was never mentioned. The fact that defendant told the officer that they would determine her fee at a later time was sufficient.

Defendant's delayed application for cross appeal, in which he challenged the ordinance on the grounds of overbreadth and vagueness, was denied by another panel of this Court. Therefore, we decline to discuss the merits of his constitutional arguments.

The Recorder's Court order dismissing the charges against defendant is reversed and the district court conviction is reinstated.