PEOPLE v BUDNICK

Docket No. 140387. Submitted October 6, 1992, at Lansing. Decided
     November 17, 1992, at 9:35 A.M.

     Charles S. Budnick was charged in the Oakland Circuit Court
     with first-degree criminal sexual conduct. The charge was
     brought on September 21, 1990, for the alleged sexual penetra-
     tion of a ten-year-old minor in October 1975. The defendant
     moved to Wisconsin in 1978 and apparently resided there
     continuously until charged in this matter. The court, Barry L.
     Howard, J., granted the defendant's motion to quash the infor-
     mation on the basis that the charge was barred by the statute
     of limitations because although there is a provision in the first
     subsection of the statute of limitations that tolls the running of
     the period while the accused does not usually and publicly
     reside in Michigan, that provision does not apply to a charge
     that, as in this case, is subject to the special limitation provi-
     sion of the statute's second subsection, which provides that
     charges of criminal sexual conduct involving minors must be
     brought within six years after the commission of the offense or
     by the alleged victim's twenty-first birthday, whichever is later.
     · The prosecution appealed.

          The Court of Appeals held:

          1. Despite the language of the second subsection that its
     provisions should be considered notwithstanding the provisions
     of the first subsection, it is clear that the Legislature by its
     1987 amendment creating the special limitation provision for
     the prosecution of charges of criminal sexual conduct involving
     minors intended to facilitate the prosecution· of those cases by
     extending, in some instances, the time in which charges could
     be brought. That purpose would be defeated if the tolling
     provision of the first subsection were not equally applicable to
     the special limitation provision of the second subsection.

          2. Because the tolling· provision speaks of a period during
     which the accused did not reside in Michigan, the provision is
     not applicable to that portion of the special limitation provision

REFERENCES
Am Jur 2d, Criminal Law §§ 223, 227.
See the ALR Index under Criminal Law; Limitation of Actions.

that is concerned with a specific date, i.e., the victim's twenty-first birthday. However, because the defendant moved from this state before the six-year limitation period had run and continued to reside outside the state until charged, the charge was timely. Accordingly, the motion to quash should not have been granted.

Reversed and remanded.

LIMITATION OF ACTIONS — CRIMINAL SEXUAL CONDUCT — MINORS — TOLLING.

The special period of limitation applicable to charges of criminal sexual conduct involving a minor is subject to the tolling provision contained in the subsection of the statute of limitations that sets forth the general periods of limitation; however, the tolling provision is not applicable to that portion of the special limitation provision that permits the bringing of charges until at least the victim's twenty-first birthday (MCL 767.24; MSA 28.964).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *Marvin S. Shwedel*), and *Bruce T. Leitman,* for the defendant.

Before: HOOD, P.J., and WAHLS and MCDONALD, JJ.

WAHLS, J. This is an appeal by the people of an order of the Oakland Circuit Court that granted defendant's motion to quash the information filed against him. We reverse and remand for further proceedings.

On September 21, 1990, defendant was charged with first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). Defendant was alleged to have sexually penetrated the complainant in October 1975. The complainant was born on

March 2, 1965 and was ten years old at the time of the offense. She had reached her twenty-first birthday on March 2, 1986. Defendant had lived continuously in Wisconsin since 1978. After defendant was bound over for trial, he moved to quash the information on the ground that prosecution was barred by the running of the period of limitation.

MCL 767.24; MSA 28.964 provides, in pertinent part:

> (1) . . . Except as otherwise provided in subsection (2), all . . . indictments [other than for certain offenses not at issue here] shall be found and filed within 6 years after the commission of the offense. However, any period during which the party charged did not usually and publicly reside within this state shall not be considered part of the time within which the respective indictments shall be found and filed.
>
> (2) Notwithstanding subsection (1), if an alleged victim was under 18 years of age at the time of the commission of the offense, an indictment for an offense under section 145c or 520b to 520g of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.145c and 750.520b to 750.520g of the Michigan Compiled Laws, may be found and filed within 6 years after the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later.

Defendant argued below that, because he had been charged with one of the specific offenses enumerated in subsection 2, that subsection controlled with regard to his prosecution. Defendant further argued that subsection 2 contains no tolling provision for offenders who have removed themselves from the state and that the use in subsection 2 of the phrase "notwithstanding subsection (1)" meant that the tolling provision of subsection 1 was inapplicable to subsection 2. The

trial court agreed, and this appeal as of right by the people followed.

The primary goal of statutory interpretation is to discover and give effect to the intent of the Legislature in enacting the statute. *People v Hill,* 192 Mich App 102, 114; 480 NW2d 913 (1991). Statutes that are plain and unambiguous are to be applied as written and are not open to judicial construction. *People v Emig,* 188 Mich App 687, 688; 470 NW2d 504 (1991); *People v Brooks,* 184 Mich App 793, 797; 459 NW2d 313 (1990). However, departure from an unambiguous statute may be justified where a literal construction would produce an absurd and unjust result inconsistent with the purposes and the policies of the act. *People v Bewersdorf,* 438 Mich 55, 68; 475 NW2d 231 (1991). Statutes that may appear to conflict are to be read together and reconciled, if possible. *Bewersdorf, supra; Detroit Police Officers Ass'n v Detroit,* 391 Mich 44, 65; 214 NW2d 803 (1974).

Subsection 2 was added to the statute by the enactment of 1987 PA 255. Before the amendment, prosecution for criminal sexual conduct offenses was restricted to a six-year period of limitation, *subject to a nonresident tolling provision.*[1] The Legislature's intent in amending the statute was to provide added protection to minor victims of sexual assaults. Minor victims frequently do not

---

[1] The preamendment version of the statute provided in full:

An indictment for the crime of murder may be found at any period after the death of the person alleged to have been murdered; indictments for the crimes of kidnapping, extortion, assault with intent to commit murder and conspiracy to commit murder shall be found and filed within 10 years after the commission of the offense; all other indictments shall be found and filed within 6 years after the commission of the offense; but any period during which the party charged was not usually and publicly resident within this state shall not be reckoned as part of the time within which the respective indictments shall be found and filed. [MCL 767.24; MSA 28.964.]

speak out until after a six-year period of limitation has run. *People v Russo,* 439 Mich 584, 596; 487 NW2d 698 (1992). The purpose of the extended limitations amendment for children was to facilitate the prosecution of criminal sexual conduct offenders. *Id.*

Defendant argues that subsection 2, being the more specific of the two subsections with regard to the offense charged, should control over the more general subsection 1. While we agree that subsection 2 applies to the present case, this conclusion does not resolve the question whether the tolling provision also applies to subsection 2 offenses. In this regard, defendant argues that the plain and unambiguous language of subsection 2, "Notwithstanding subsection 1," commands that subsection 1 and its tolling provision be ignored completely.

While defendant's argument is plausible, his conclusion is not the only one possible. Subsection 1 consists of four sentences, the first three of which describe categories of offenses and the limitation period applicable to each category. The tolling provision is found in the fourth and final sentence. Subsection 2 consists of a single sentence that begins with "Notwithstanding subsection (1)" and proceeds to list the sex offenses to which it applies, the period of limitation, and the alternative basis for fixing the last date on which a charge can be brought, but is silent with regard to tolling. The "notwithstanding" language of subsection 2 could therefore be understood to refer only to the crimes and limitation periods of subsection 1 and to have no effect on tolling.

> The Legislature will be presumed, under established rules of statutory construction, to have intended that its amendments of a statute be construed in connection with the other provisions

of the statute and in harmony therewith. *Williams v Secretary of State,* 338 Mich 202, 207; 60 NW2d 910 (1953). And, where there are two equally plausible interpretations of an amendment, the one which best harmonizes the amendment with the general tenor and spirit of the act amended is to be preferred. *Attorney General v Lewis,* 151 Mich 81, 84; 114 NW 927 (1908). [*Hill, supra,* p 115.]

We hold that the nonresident tolling provision of subsection 1 has equal application to the prosecution of offenses that fall within subsection 2. This holding gives effect to the intent of the Legislature, discussed by our Supreme Court in *Russo, supra,* in enacting 1987 PA 255. Before the amendment, the period of limitation for criminal sexual assault prosecutions was subject to the nonresident tolling provision. It is inconceivable to us that the Legislature, in attempting to ease the burden of prosecution regarding the bringing of charges for sexual offenses involving children, should impliedly set up another obstacle, one that did not previously exist. Had the Legislature intended to do so, and we do not believe that it did, it could have expressly excluded subsection 1's tolling provision from subsection 2 offenses. Rather, we believe that the "notwithstanding" language of subsection 2 is open to construction, and we conclude that the construction urged by defendant would frustrate the Legislature's intent. We also observe that defendant's construction would lead to the absurd result that a small but very serious category of crimes, sex offenses against children, would be the *only* offenses in Michigan law not subject to the nonresident tolling provision.

Our conclusion, however, leads to an additional problem that is not addressed by the parties. The tolling provision of subsection 1 speaks of "any

*period* during which the party charged did not usually and publicly reside within this state . . . ." MCL 767.24(1); MSA 28.964(1). (Emphasis added.) Subsection 2 contains two distinct limitations. One is a six-year period from the time of the offense. The other is not a "period," but rather the date of an alleged victim's twenty-first birthday. The tolling provision of subsection 1, then, does not seem to apply to the second limitation concerning an alleged victim's twenty-first birthday. Subsection 2, however, provides that an indictment must be brought within six years from the time of the offense or by the alleged victim's twenty-first birthday, "whichever is later." MCL 767.24(2); MSA 28.964(2). In the present case, unless defendant took up residence again in Michigan after 1978, in which case the statute's six-year period would resume running, the six-year period remained tolled. Thus, the indictment brought against defendant, although untimely under the birthday limitation, was timely under the six-year limitation.

Finally, defendant's argument that the disposition of this case is controlled by *People v Clement,* 72 Mich 116; 40 NW 190 (1888), is unpersuasive. In *Clement,* a prosecution for seduction was sought. The seduction statute contained its own one-year period of limitation, and the Supreme Court held that that period controlled rather than the general six-year period set by another statute. *Id.* at 118. Unlike *Clement,* which concerned wholly distinct statutes, subsections 1 and 2 are closely interrelated; indeed, they were once one. In any event, our prime concern is to give effect to the Legislature's intent, and, in keeping with this intent, we reject this argument.

Reversed and remanded. We do not retain jurisdiction.