CITY OF MELVINDALE v TRENTON WAREHOUSE COMPANY

Docket No. 138475. Submitted February 4, 1993,. at Detroit. Decided May 11, 1993; approved for publication September 9, 1993, at 9:15 A.M. Leave to appeal sought.

The City of Melvindale brought an action in the Wayne Circuit Court against the Trenton Warehouse Company, seeking an order permitting its agents to enter upon and inspect the defendant's property to determine the suitability of the property for public use. The defendant argued that a public use and purpose must be established before the court could issue an order permitting entry. The court, James A. Hathaway, J., granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals *held:*

The inspection provision of the Uniform Condemnation Procedures Act, MCL 213.54; MSA 8.265(4), expressly provides that a government agency may enter property before filing an action for condemnation for the purpose of determining whether the property is suitable for public purposes. The government agency is not required to state a public purpose when seeking entry onto the property for such an inspection.

Affirmed.

*Pentiuk, Miller & Waterman, P.C.* (by *Randall A. Pentiuk*), for the plaintiff.

*Fitzgerald, Peters, Dakmak & Miller, P.C.* (by *John S. Regan*), for the defendant.

Before: NEFF, P.J., and GRIBBS and BRENNAN, JJ.

PER CURIAM. Defendant appeals as of right from a circuit court order granting plaintiff's motion for summary disposition and granting plaintiff a limited license to enter defendant's property for the purpose of inspecting and testing the property

pursuant to MCL 213.54(3); MSA 8.265(4)(3). We affirm.

In September 1990, defendant was advised by letter that agents of the Economic Development Corporation of the City of Melvindale intended to enter and inspect defendant's property to determine its suitability for a public purpose use. The letter indicated that this was "not a taking at this time."

Defendant replied by letter, denying the request, and plaintiff filed the present action seeking a court order permitting the entry pursuant to MCL 213.54(3); MSA 8.265(4)(3). The trial court subsequently granted plaintiff's motion for summary disposition, MCR 2.116(C)(10), and denied defendant's motion for rehearing.

On appeal, defendant argues that a public use and purpose must be established before the court can enter an order allowing entry. We do not agree.

MCL 213.54; MSA 8.265(4), states in pertinent part:

> (2) An agency or an agent or employee of an agency may enter upon property before filing an action for the purpose of making surveys, measurements, examinations, tests, soundings, and borings; or taking photographs or samplings; or appraising the property; or conducting an environmental inspection; or determining whether the property is suitable to take for public purposes.
> . . .
> (3) If reasonable efforts to accomplish entry under subsection (2) have been obstructed or denied, the agency may commence a civil action in the circuit court in the county in which the property or any part of the property is located for an order permitting entry. The complaint shall state the facts making the entry necessary, the date on which entry is sought, and the duration and the

method proposed for protecting the defendant against damage. The court may grant a limited license for entry upon such terms as justice and equity require, including the following:

(a) A description of the purpose of the entry.

(b) The scope of activities that are permitted.

(c) The terms and conditions of the entry with respect to the time, place, and manner of the entry.

The statute expressly provides that a government agency may enter property before filing an action for condemnation for the purpose of making surveys, measurements, examination, tests, soundings and borings, for taking photographs or samplings, or to determine whether the property is suitable to take for public purposes. Nothing in the statute requires the agency to state a public purpose when seeking entry.

In this case, defendant refused entry and, as is required by the statute, plaintiff filed a complaint that provided the facts making entry necessary, the date on which entry was sought, and the method proposed for protecting the defendant against damage. In its complaint, plaintiff indicated that entry was desired to establish whether defendant's property was suitable for a medical waste disposal facility and to aid in obtaining an appraisal before commencement of condemnation proceedings. No more is required. When statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning is precluded. *People v Emig,* 188 Mich App 687, 688; 470 NW2d 504 (1991). The requirement of a public purpose that applies to other sections of the statute does not apply here, where an entry for inspection purposes rather than a taking, is intended and authorized. Contrary to defendant's claim, this is not a taking because it does not involve a transfer

of the ownership of the property. MCL 213.51(a); MSA 8.265(1)(a). Plaintiff will be required to pay for any actual damages it causes. MCL 213.54(2); MSA 8.265(4)(2). The trial court did not err in granting summary disposition.

Affirmed.