# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSEPH HARRY BLACKMER,

        Defendant-Appellant.

FOR PUBLICATION
February 10, 2015
9:00 a.m.

No. 318858
Kent Circuit Court
LC No. 13-004087-FC

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by leave granted his plea-based conviction of one count of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(e), arguing that the conviction was barred by the statute of limitations. We affirm.

The facts in this case are undisputed. On December 17, 1981, defendant sexually assaulted the victim at gunpoint. The victim did not know defendant. Because the police had no leads or suspects, the police closed the case in March of 1982. In June of 1982, defendant travelled to Indiana for his employment. While there, he committed another sexual assault and was subsequently arrested, convicted, and sentenced to 90 years' incarceration in Indiana. In May 2011, police in Grand Rapids learned that the Combined DNA Index System database identified a match between DNA obtained from the sexual assault kit completed in this case and defendant, who was still incarcerated in Indiana. Defendant was extradited to Michigan pursuant to the Interstate Agreement on Detainers, MCL 780.601, and on May 17, 2013, an information charging defendant with one count of first-degree CSC was filed in Kent Circuit Court.

Defendant's only argument on appeal is that the prosecution was barred by the applicable statute of limitations. When the crime in this case was committed, the applicable statute of limitations stated in pertinent part:

-1-

An indictment[1] for the crime of murder may be found at any period after the death of the person alleged to have been murdered. Indictments for the crimes of kidnapping, extortion, assault with intent to commit murder and conspiracy to commit murder shall be found and filed within 10 years after the commission of the offense. Except as otherwise provided in subsection (2),[2] all other indictments shall be found and filed within 6 years after the commission of the offense. However, any period during which the party charged did not usually and publicly reside within this state shall not be considered part of the time within which the respective indictments shall be found and filed. [MCL 767.24(1), as amended by 1987 PA 255.]

The extension of the statute of limitations with respect to adult victims of first-degree CSC to beyond six years did not occur until 2001, see 2001 PA 6. But this amendment could not revive a charge for which the limitations period had already run. See *People v Russo*, 439 Mich 584, 593-595; 487 NW 2d 698 (1992). The six-year statute of limitations that was applicable at the time the CSC in this case was committed expired in 1987 unless it was tolled because defendant "did not usually and publicly reside within" Michigan between 1982 and 2013. Defendant argues that despite the fact that he was incarcerated in Indiana between 1982 and 2013, the nonresident tolling provision does not apply because he still intended to return to Michigan.

The plain language of the former MCL 767.24 is clear and unambiguous. *People v Crear*, 242 Mich App 158, 164; 618 NW2d 91 (2000), overruled in part on other grounds *People v Miller*, 482 Mich 540, 561 n 26 (2008). The statute must be applied as written, and judicial interpretation is not required or permitted. *People v Gardner,* 482 Mich 41, 50; 753 NW2d 78 (2008). Further, "all undefined 'words and phrases shall be construed and understood according to the common and approved usage of the language[.]'" *People v Laidler,* 491 Mich 339, 347; 817 NW2d 517 (2012), quoting MCL 8.3a. To ascertain the ordinary meaning of undefined words in a statute, a court may consult a dictionary. *Id*. The word "usual" means "customary or habitual way"; the word "publicly" means, in this context, "open to the view of all"; and the word "reside" means "to dwell permanently or for a considerable time; live." *Random House Webster's College Dictionary* (1992). In sum, the plain and unambiguous language of the statute's nonresident tolling provision at issue provides that the limitations period was tolled for any period in which a defendant was not customarily and openly living in Michigan. Defendant's subjective intent is irrelevant to this definition. *People v Breidenbach*, 489 Mich 1, 10; 798 NW2d 738 (2011) ("a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself"). The facts of this case patently show that defendant did not customarily and openly live in Michigan between 1982 and 2013; therefore, the trial court properly determined that the statute of

---

[1] The term "indictment" is to be treated as also referring to charges made by filing an information. *People v Russo*, 439 Mich 584, 588, n 1; 487 NW2d 698 (1992); MCL 767.2.

[2] Subsection 2 related to CSC crimes against victims under the age of 18 years. See *People v Russo*, 439 Mich 584, 596; 487 NW 2d 698 (1992).

limitations was tolled from the time defendant left Michigan in 1982 and properly denied defendant's motion to dismiss.

We affirm.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey