# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
November 14, 2017

v

JAMES FRANCIS RAPP,

        Defendant-Appellant.

No. 333613
Jackson Circuit Court
LC No. 15-004521-FC

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right[1] his convictions, following a no contest plea, of three counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(b), and three counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(c). The trial court sentenced defendant to concurrent terms of 240 to 480 months' imprisonment for the CSC I convictions and 120 to 180 months' imprisonment for the CSC II convictions. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was an ordained Catholic priest who served also as a teacher, maintenance supervisor, and wrestling coach at Lumen Christi Catholic High School (Lumen Christi) in Jackson, Michigan from 1981 to 1986. Defendant resigned from Lumen Christi on February 17, 1986. Defendant left the State of Michigan that year, and was officially placed on "sabbatical" status by the Catholic Church; however, defendant actually spent from September 8, 1986 to

---

[1] Our constitution currently provides that an appeal from a plea of guilty or no contest shall be by leave granted. See Const 1963, art 1, § 20; see also MCR 7.203(B). However, before its amendment in 1994, our constitution provided persons who pleaded guilty or no contest an appeal by right. See Const 1963, art 1, § 20 (before amendment by 1994 PA 374, effective November 27, 1994). The offenses to which defendant pleaded no contest occurred before the 1994 amendment; therefore, defendant is entitled to an appeal by right from his sentences. See *People v Kaczmarek*, 464 Mich 478, 482; 628 NW2d 484 (2001) (noting that the amendment applies to "criminal prosecutions for crimes committed on or after" the effective date of the amendment).

-1-

October 8, 1986 in a residential mental health treatment facility for priests in Suitland, Maryland. Defendant then received in-patient therapy at a facility in California until June 1987. Defendant was apparently diagnosed with and treated for "ephebophilia."[2] Following his release from these facilities, he was assigned by the Church to positions in various states, including serving as a priest and teacher from 1990 to 1998 in Duncan, Oklahoma. On December 17, 1999, defendant was arrested in Oklahoma and soon thereafter was convicted under a plea agreement of two counts of lewd molestation of adolescent male victims. Defendant was sentenced to 20 years' imprisonment.

In the spring of 2013, two other men independently reported to the Jackson County Sheriff's Department that defendant had sexually assaulted them while he was their teacher at Lumen Christi. At the time of the sexual assaults, both of these victims were 15 years old. Further investigation revealed several other victims who alleged that defendant had also assaulted them during the period in which he was employed at Lumen Christi. On May 20, 2015, defendant was extradited to the State of Michigan and charged with 19 counts of criminal sexual conduct.

Defendant moved to dismiss the charges, arguing that they were barred by the six-year statute of limitations that was in effect at the time the criminal acts were committed. He contended that applying an amended statute of limitations[3] to his case violated the Ex Post Facto Clause of the United States Constitution[4] and the Michigan Constitution.[5] Additionally, defendant argued that he was prejudiced by the 29-year delay between the acts charged and his arrest. The trial court denied defendant's motion to dismiss the charges, holding that the limitation period was tolled during the period in which defendant did not reside in the State of Michigan, and rejected defendant's prearrest delay argument, holding that defendant had failed to show that the delay had caused him to suffer actual and substantial prejudice.

Thereafter, the parties reached an agreement under which defendant entered a plea of no contest to three counts of CSC I and three counts of CSC II, and agreed to a prison sentence of 20 to 40 years. During the plea hearing, the parties stipulated that three instances of CSC I and

---

[2] The term "ephebophilia" denotes a preference for post-pubescent adolescent sexual partners. See Terry, *Sexual Offenses and Offenders: Theory, Practice, and Policy* (Boston: Cengage Learning, 2d ed, 2013), 49. Ephebophilia is not included as a disorder in the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM V) issued by the American Psychiatric Association. See *id.*

[3] The statute had been amended to eliminate a statute of limitations for CSC I and to lengthen the statute of limitations for CSC II.

[4] US Const, art I, § 10.

[5] Const 1963, art 1, § 10.

three instances of CSC II had occurred between August 1, 1981 and February 28, 1986[6] at Lumen Christi.

Defendant was sentenced as stated. This appeal followed.

## II. STATUTE OF LIMITATIONS

Defendant argues that the charges against him were barred by the statute of limitations and that the trial court therefore erred by denying his motion to dismiss. We disagree.[7] We review for an abuse of discretion a trial court's ruling on a motion to dismiss. *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). An abuse of discretion occurs when the "decision falls outside the range of principled outcomes." *Id*. "A trial court necessarily abuses its discretion when it makes an error of law." *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012).

Absent waiver, "a defendant may not be charged with or . . . tried on [a] time-barred offense." *People v Burns*, 250 Mich App 436, 442; 647 NW2d 515 (2002). In a criminal case, a statute of limitations defense is "a nonjurisdictional, waivable affirmative defense." *Id*. at 439.

MCL 767.24 sets out various periods of limitation regarding when criminal charges may be filed. In this case, the parties agreed that the charged offenses occurred between August 1, 1981 and February 28, 1986. At the time of the charged offenses, the applicable statute of limitation for first-degree and second-degree criminal sexual conduct crimes was "6 years after the commission of the offense; but *any period during which the party charged was not usually and publicly resident within this state shall not be reckoned as part of the time within which the respective indictments shall be found and filed*." MCL 767.24 (prior to amendment by 1987 PA 255) (emphasis added). Effective on March 30, 1988, the limitation period was expanded to "6 years after the commission of the offense or by the victim's twenty-first birthday, whichever is later" if the victim was under 18 years of age when the offense was committed. MCL 767.24(1) (as amended by 1987 PA 255).[8] After the 1987 amendment, MCL 767.24(1) also provided that "any period during which the party charged did not usually and publicly reside within the state

---

[6] Defendant resigned from Lumen Christi in a letter dated February 17, 1986. It is not clear from the record before this Court what the significance is of the February 28, 1986 date, apart from representing the end date of the month of February 1986.

[7] Defendant arguably waived the right to assert a statute of limitations defense by entering an unconditional no contest plea. See *People v Allen*, 192 Mich App 592, 602; 481 NW2d 800 (1992). However, because this issue impacts defendant's claim for ineffective assistance of counsel, and the issue is one of law for which the necessary facts have been presented, we will nonetheless review the issue. See *People v Giovannini*, 271 Mich App 409, 414-415; 722 NW2d 237 (2006).

[8] "The Legislature's intent in amending the statute was to provide added protection to minor victims of sexual assaults" who "do not speak out until after a six-year period of limitation has run," as well as to facilitate the prosecution of CSC offenders. *Budnick*, 197 Mich App at 24-25.

shall not be considered part of the time within which the respective indictments shall be found and filed."

Effective May 2, 2001, the statute was again amended to allow criminal prosecution for first-degree criminal sexual conduct to be brought at any time. MCL 767.24(1) (as amended by 2001 PA 6). The amended statute permitted charges for second-degree criminal sexual conduct to be filed "ten years after the offense is committed or by the alleged victim's twenty-first birthday, whichever is later." MCL 767.24(2)(a).[9]

An amendment to a criminal statute generally may not "revive . . . charge[s] for which the limitations period had already run." See *People v Blackmer*, 309 Mich App 199; 870 NW2d 579 (2015). However, a statute of limitations does not run during a period in which it was tolled for nonresidence. *Id*. The assaults in this case occurred between August 1, 1981 and February 28, 1986 at Lumen Christi. The records in this case established that defendant "was not usually and publicly resident within" the State of Michigan from, at the latest, September 8, 1986 to May 20, 2015, at which time he was extradited to Michigan to face the charges in this case. Because defendant was not a resident within the State of Michigan from September 8, 1986 to May 20, 2015, the limitations period was tolled for that time and the six-year limitations period had not run when defendant was charged. Accordingly, the trial court did not abuse its discretion by denying defendant's motion to dismiss.

Defendant also argues that his involuntary residence in Oklahoma by virtue of incarceration should not toll the statute of limitations. This Court rejected a similar argument in *Blackmer*, 309 Mich App at 200, in which the defendant argued that because he was incarcerated in the State of Indiana, the statute of limitations had not been tolled for crimes that had occurred in the State of Michigan. *Id*. at 200. This Court rejected that argument, holding that the plain statutory language of MCL 767.24 provides that the statute of limitations is tolled when the defendant lives outside of the State of Michigan, whether voluntarily or otherwise. *Id*. at 201-202. The fact that defendant was incarcerated outside the State of Michigan for other criminal actions and therefore was unable during that time to return to the State of Michigan is irrelevant. The statute of limitations was tolled during the period of his nonresidence, and the trial court did not err by declining to dismiss the charges against defendant on this ground.

## III. PREARREST DELAY

Defendant further argues that the charges against him should have been dismissed on due process grounds because of the delay in his arrest. We disagree. "A challenge to a prearrest delay implicates constitutional due process rights, which this Court reviews de novo." *People v Cain*, 238 Mich App 95, 108; 605 NW2d 28 (1999).

---

[9] Although there have been subsequent amendments to MCL 767.24 in 2002, 2004, 2005, 2011, and 2012, they did not affect the applicable statute of limitation for criminal sexual conduct crimes.

"Michigan applies a balancing test to determine if a prearrest delay requires reversing a defendant's conviction because the state may have an interest in delaying a prosecution that conflicts with a defendant's interest in a prompt adjudication of the case." *Id*. at 108. This Court has adopted a three-part analysis in determining whether a prearrest delay requires reversal on due process grounds:

> [I]n order to establish a due process violation in the context of prearrest delay a defendant must first demonstrate prejudice. The prosecutor then bears the burden of persuading the court that the reason for the delay was sufficient to justify whatever prejudice results. In evaluating the reason for the delay, the court may consider the explanation for the delay, whether the delay was deliberate, and whether undue prejudice attached to the defendant. [*Id*. at 109 (quotation marks and citations omitted).]

A defendant must show "actual and substantial prejudice," which "requires more than generalized allegations." *People v Patton*, 285 Mich App 229, 237; 775 NW2d 610 (2009).

Defendant argues that the prearrest delay deprived him of the ability to show, by way of documentary evidence, that the allegations were untrue and that he was not "present at the specific location on the specific date of the alleged events." But defendant does not specifically identify any documentary evidence that would have established an alibi for him. Defendant thus has failed to articulate any actual and substantial prejudice resulting from the prearrest delay. Merely alleging the existence of documentary evidence that may have exonerated him is not sufficient. *Patton*, 285 Mich App at 237.[10]

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that his trial counsel was ineffective for securing an unconditional plea because the plea waived an appealable statute of limitations issue. Defendant neither raised this issue before the trial court in a motion for a new trial nor requested a *Ginther*[11] hearing; our review therefore is limited to mistakes apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

A criminal defendant has the fundamental right to the effective assistance of counsel. *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984). To establish ineffective assistance of counsel, the defendant must show that: (1) counsel's performance "fell below the objective standard of reasonableness" under the prevailing professional norms, and (2)

---

[10] Defendant also contends that there was no reason for the delay because one of the victims filed a civil complaint against him and the church in the mid-1990s. Defendant's argument that the local authorities were aware of the criminal assaults in the mid-1990s is not supported by the record, but even presuming for the sake of argument that it were true, defendant has still failed to establish actual and substantial prejudice.

[11] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

there is "reasonable probability that, but for the counsel's unprofessional error, the result of the proceeding would have been different." *People v Toma*, 462 Mich 281, 302-303; 613 NW2d 694 (2000) (quotation marks and citation omitted); see also *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). In order to meet the second requirement, a defendant must show that counsel's error was so serious that it deprived the defendant of a fair trial. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002).

Counsel is not ineffective for failing to raise futile or meritless objections. *People v Buie*, 298 Mich App 50, 66; 825 NW2d 361 (2010). For the reasons described earlier in this opinion, defendant's motion to dismiss was properly denied by the trial court. Even if defendant had entered a conditional plea that would have allowed for an appeal of the statute of limitations issue, the result would have been the same. Accordingly, defendant has not demonstrated that he was provided with ineffective assistance of counsel.

## V. SENTENCE

Defendant also contends that his maximum sentence of 40 years' imprisonment was unreasonable and disproportionate. This Court reviews the sentence imposed on a defendant for an abuse of discretion. *Cain*, 238 Mich App at 130. "[A] given sentence can be said to constitute an abuse of discretion if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). "A defendant who pleads nolo contendere with the knowledge of the sentence, who later seeks appellate sentence relief . . . must expect to be denied relief on the ground that the plea demonstrates the defendant's agreement that the sentence is proportionate to the offense and the offender." *People v Cobbs*, 443 Mich 276, 285; 505 NW2d 208 (1993); see also *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005).

In this case, defendant pleaded to the charges and agreed to a prison sentence of 20 to 40 years. Therefore, defendant waived any appellate review of the sentence and may not argue on appeal that his agreed-upon sentence was disproportionate. *Id*.

Affirmed.

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra