# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILLIAM KASBEN,

Defendant-Appellant.

FOR PUBLICATION
April 24, 2018
9:00 a.m.

No. 337082
Leelanau Circuit Court
LC No. 15-001880-FC

Before: MURPHY, P.J., and JANSEN and SWARTZLE, JJ.

MURPHY, J.

Defendant was charged with first-degree criminal sexual conduct (CSC I), MCL 750.520b, arising out of an alleged act of sexual penetration in 1983, with the prosecution also giving notice that it would seek enhancement of any sentence on the basis of defendant's status as a fourth-offense habitual offender, MCL 769.12. Defendant was subsequently convicted by guilty plea of second-degree criminal sexual conduct (CSC II), MCL 750.520c, and sentenced to 10 to 15 years' imprisonment. His efforts to withdraw his guilty plea and to otherwise obtain relief from or set aside the judgment were rejected. Relevant to this appeal, one of the grounds raised by defendant in his post-sentence motions seeking to avoid the guilty plea was that the CSC I charge was barred by the statute of limitations, which defense he was completely unaware of when pleading guilty, as neither his counsel nor the trial court informed him of the defense. Defendant appeals by leave granted the trial court's order denying his motion for relief from judgment. We hold that the CSC I charge was not time-barred under MCL 767.24. Accordingly, we affirm.

As reflected in defendant's statements that formed the factual basis for his guilty plea, defendant admitted that when he was 17 years old, he had sexual intercourse with his 13-year-old sister in 1983. At the time of the crime, the period of limitations for all CSC offenses was six years, falling within the general catch-all provision. MCL 767.24, as amended by 1954 PA 100. With the enactment of 1987 PA 255, which was made effective March 30, 1988, MCL 767.24 was amended to provide that CSC offenses "may be found and filed within 6 years after the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later." The victim turned 21 years old on August 13, 1991. According to information in defendant's

-1-

presence investigation report (PSIR), defendant left Michigan sometime in 1989 or 1990, and definitely before the victim turned 21 years of age, residing in several other states, including a lengthy prison stint in Montana, before returning to Michigan in approximately 2004.[1] And MCL 767.24(10) provides that "[a]ny period during which the party charged did not usually and publicly reside within this state is not part of the time within which the respective indictments may be found and filed."[2] During the period in which defendant did not reside in Michigan, our Legislature, pursuant to 2001 PA 6, once again amended MCL 767.24, effective May 2, 2001, now providing that CSC I "may be found and filed *at any time*." (Emphasis added.)

On May 18, 2015, defendant was charged with CSC I for the 1983 act of sexual intercourse with his sister. The prosecution also gave notice of seeking a sentence enhancement under MCL 769.12, asserting that defendant had three or more prior felony convictions. On August 4, 2015, defendant pleaded guilty to CSC II in exchange for the prosecution dismissing the CSC I charge and dropping the habitual notice. On September 9, 2015, defendant was sentenced to 10 to 15 years' imprisonment. After sentencing, there were multiple motions and applications for leave to appeal that were filed by two different attorneys representing defendant, wherein defendant unsuccessfully sought to withdraw or otherwise avoid his guilty plea. The subject of this appeal is defendant's last post-sentence motion, which was a motion for relief from judgment brought pursuant to MCR 2.612. Defendant raised the argument concerning the statute of limitations, claiming that the charged offense of CSC I was time-barred and that he was never informed of the defense before pleading guilty to CSC II. We note that the issue was not raised in earlier appellate proceedings.

The trial court, although finding that a statute of limitations defense had been available to defendant on the CSC I charge, denied the motion after concluding that defendant waived the defense, as well as any related ineffective assistance claim, by pleading guilty, as opposed to pleading no contest. The trial court, relying on *People v Budnick*, 197 Mich App 21; 494 NW2d 778 (1997), determined that there could be no tolling despite defendant's time away from Michigan, because the tolling provision was inapplicable in connection with the twenty-first-birthday period of limitations. Further, on the basis that defendant pleaded guilty, reciting the factual basis for the crime, and not no contest, the trial court distinguished the instant case from the Michigan Supreme Court's order in *People v Cagle*, 472 Mich 884 (2005), which stated:

> In lieu of granting leave to appeal, the case is remanded to the Oakland Circuit Court for a hearing to determine whether defendant received ineffective assistance of counsel. Defendant was charged with and pleaded no contest in 1992 to six counts of first-degree criminal sexual conduct based on alleged acts committed between June of 1979 and November of 1981. At the time defendant entered his plea, the charges against him were barred by the six-year period of

---

[1] Defendant disputes that he did not reside in Michigan in 1989 or early 1990, but he concedes that by May or June 1990, he had left the state.

[2] An out-of-state tolling provision has been part of MCL 767.24 for the entire timeframe captured by this case. See 1954 PA 100 and all subsequent enacted amendments.

limitations of MCL 767.24 in effect at the time the crimes were allegedly committed. The circuit court shall determine whether defendant was informed by his counsel of the expiration of the period of limitations on the charges brought against him and whether defendant indicated that he wished to waive this defense. If the circuit court determines that defendant was not so informed and did not knowingly waive the defense, the court shall vacate defendant's convictions. . . . .

Defendant filed an application for leave to appeal with this Court, and the panel's order provided as follows:

> The Court orders that the application for leave to appeal is GRANTED. We note that at the time defendant filed his motions to set aside judgments, his only avenue for relief was pursuant to MCR 6.500. In addition to the issue raised in the application, we direct the parties to address whether defendant is entitled to relief from judgment pursuant to MCR 6.508(D). MCR 7.205(E)(4). [*People v Kasben*, unpublished order of the Court of Appeals, entered August 10, 2017 (Docket No. 337082).[3]]

On appeal, defendant argues that the trial court erred by ruling that defendant waived his statute of limitations defense to CSC I when he pleaded guilty, given that, according to

---

[3] MCR 6.508(D) provides:

> The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> (1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;
>
> (2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief. . . . .

defendant, he had never been informed of the defense by anyone. Defendant contends, therefore, that he is entitled to relief from judgment pursuant to MCR 6.508(D).

Our holding is ultimately one that is based on the construction of MCL 767.24 and the application of its tolling provision and the various amendments to the statute over the years. We review de novo issues of statutory construction. *People v Hill*, 486 Mich 658, 665-666; 786 NW2d 601 (2010). With respect to MCR 6.508, "[w]e review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010).

With respect to the principles governing statutory construction, our Supreme Court in *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999), observed:

> In [interpreting a statute], our purpose is to discern and give effect to the Legislature's intent. We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. We must give the words of a statute their plain and ordinary meaning, and only where the statutory language is ambiguous may we look outside the statute to ascertain the Legislature's intent. [Citations omitted.]

The CSC offense was committed in 1983, and the statute of limitations, at that time, was six years, 1954 PA 100, which would have resulted in the offense being time-barred at some point in 1989. However, *before that period of limitations expired*, the Legislature amended MCL 767.24, providing that CSC offenses "may be found and filed within 6 years after the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later." 1987 PA 255. In *People v Russo*, 439 Mich 584, 588; 487 NW2d 698 (1992), the Supreme Court, examining MCL 767.24, as amended by 1987 PA 255, held:

> We find that the extended limitation period for criminal sexual conduct involving a minor was intended by the Legislature to apply to formal charges of offenses not time-barred on the effective date of the act filed after its effective date. Such an application is not a violation of the Ex Post Facto Clauses of the United States and Michigan Constitutions.

Accordingly, even though defendant's crime was committed in 1983 under a six-year period of limitations, the 1987 amendment of the statute became applicable, providing for an extension of the limitations period to the victim's twenty-first birthday in August 1991.

At the time of the victim's twenty-first birthday, defendant was not "usually and publicly" residing in Michigan, having left the state sometime in 1989 or 1990. We hold that

-4-

defendant's absence from Michigan triggered the tolling provision in MCL 767.24(10).[4]   In *People v Blackmer*, 309 Mich App 199, 200; 870 NW2d 199 (2015), the defendant sexually assaulted the adult victim in 1981, and the defendant later traveled to Indiana in 1982, where he committed another sexual assault, leading to his arrest, conviction, and incarceration for a prison term of 90 years.   In 2013, the defendant was extradited to Michigan to stand trial for the 1981 sexual assault, and he argued that the applicable six-year period of limitations had expired in 1987, thereby barring the prosecution against him, and that the tolling provision did not apply because his intent had always been to return to Michigan.   *Id.* at 200-201.   The *Blackmer* panel held:

> The plain language of the former MCL 767.24 is clear and unambiguous. . . . In sum, the plain and unambiguous language of the nonresident tolling provision at issue provided that the limitations period was tolled for any period in which a defendant was not customarily and openly living in Michigan. Defendant's subjective intent is irrelevant to this definition. . . . The facts of this case patently show that defendant did not customarily and openly live in Michigan between 1982 and 2013; therefore, the trial court properly determined that the period of limitations was tolled from the time defendant left Michigan in 1982, and the court properly denied defendant's motion to dismiss.   [Citations omitted.]

Although we are addressing the period of limitations predicated on the victim's twenty-first birthday, the plain and unambiguous language of the tolling provision applies regardless whether the six-year period of limitations is at issue or whether the alternate period of limitations based on a victim reaching the age of 21 is at issue.   In 1989 or 1990, when defendant left Michigan and prior to the victim's twenty-first birthday, the tolling provision stated, "[A]ny period during which the party charged did not usually and publicly reside within this state shall not be considered part of the time within which the respective indictments shall be found and filed."   MCL 767.24(1), as amended by 1987 PA 255.   The tolling provision contained no language that even remotely suggested that the Legislature did not intend for it to be applicable to all periods of limitation; there was no limiting or restrictive language.   The tolling provision was all-encompassing, indicating that any period during which a defendant did not reside in Michigan could not be considered in calculating the time within which charges must be found and filed, i.e., the pertinent limitations period.   A limitations period based on a victim's twenty-first birthday, while variable from one case to another, is nevertheless a limitations period. Before we address a contrary analysis in *Budnick*, 197 Mich App 21, on the matter, we shall first proceed to the next and final step in the analysis.

The period of limitations, as set by employing the date of the victim's twenty-first birthday in August 1991, was tolled when defendant left Michigan in 1989 or 1990.   Had there been no further amendment of MCL 767.24, the 2015 charge of CSC I would have been time-

---

[4] Under 1987 PA 255, the tolling provision, with nearly identical language to the current provision, was found in subsection (1) of MCL 767.24.

barred, given that defendant returned to Michigan 11 years earlier in 2004. However, the Legislature amended MCL 767.24 in 2001, at which time the tolling of the period of limitations was ongoing, removing altogether any period of limitations for the offense of CSC I. See 2001 PA 6.[5] Because the period of limitations had not yet expired in light of the tolling, the 2001 amendment became applicable to the case, extending indefinitely the period of limitations on a charge of CSC I. See *Russo*, 439 Mich at 588 (recognizing that charges not yet time-barred by an existing period of limitations are subject to a new period of limitations set forth in an amended statute).

Finally, we need to examine this Court's opinion in *Budnick*, 197 Mich App 21. There, the defendant was charged in 1990 with CSC I, which offense had occurred back in 1975. The complainant was 10 years old at the time of the offense and had reached her twenty-first birthday on March 2, 1986. The defendant had lived continuously in the state of Wisconsin since 1978. *Id.* at 23. Pertinent to our discussion is the following passage from *Budnick*:

> The tolling provision of subsection 1 speaks of "any *period* during which the party charged did not usually and publicly reside within this state . . . ." Subsection 2 contains two distinct limitations. One is a six-year period from the time of the offense. The other is not a "period," but rather the date of an alleged victim's twenty-first birthday. The tolling provision of subsection 1, then, does not seem to apply to the second limitation concerning an alleged victim's twenty-first birthday. Subsection 2, however, provides that an indictment must be brought within six years from the time of the offense or by the alleged victim's twenty-first birthday, "whichever is later." In the present case, unless defendant took up residence again in Michigan after 1978, in which case the statute's six-year period would resume running, the six-year period remained tolled. Thus, the indictment brought against defendant, although untimely under the birthday limitation, was timely under the six-year limitation. [*Id.* at 26-27 (citations omitted; emphasis in original).]

We question the logic of the analysis by this Court in *Budnick*, if not only for the reason that the reference to "any period" in the tolling provision concerns the period of time during which a defendant does not reside in Michigan; it is not a direct reference to a *period* of limitations. Rather, the tolling provision indicates that the *period of absence* shall not be considered "part of the time" within which to bring charges, with the latter language pertaining to the applicable period of limitations. Thus, the time within which to bring charges, i.e., the period of limitations, shall not include a period of absence. Regardless, employing a victim's twenty-first birthday as a deadline to bring charges against a defendant does in fact create a "period" of limitations. If, under the former version of MCL 767.24, a child victim of CSC I

---

[5] Defendant does not contend that the guilty plea needs to be vacated on the basis that the offense of CSC II was time-barred.

were five years old at the time of the offense, the period of limitations would be roughly 16 years when using the twenty-first-birthday provision as the measure.[6]

Of course, we are bound by any "rule of law established" in *Budnick.* MCR 7.215(J)(1). However, because the *Budnick* panel ultimately decided the case in favor of the prosecution on the basis of tolling the six-year period of limitations, we conclude that the Court's position on tolling with respect to a victim's twenty-first birthday was not necessarily involved in nor essential to resolving the appeal; it was dicta. See *Wold Architects & Engineers v Strat*, 474 Mich 223, 232 n 3; 713 NW2d 750 (2006) ("Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand, are, however illuminating, . . . *obiter dicta* and lack the force of an adjudication.") (quotation marks and citations omitted).

The Court in *Budnick* noted that the parties had not even addressed tolling in connection with a victim's twenty-first birthday. *Budnick*, 197 Mich App at 26. And the panel's own words indicated that it was treading in "dicta" territory when it stated that the tolling provision "does not *seem* to apply to the . . . limitation concerning an alleged victim's twenty-first birthday." *Id.* at 27 (emphasis added). This was not a definitive statement establishing a rule of law, and the Court itself appeared to recognize that it did not need to take a definitive stance. The panel immediately moved on to find that tolling did apply to the six-year statute of limitations, saving the prosecutor's case. *Id.* For all of the reasons expressed above, we decline to follow, nor are we persuaded by, the dicta in *Budnick* in regard to out-of-state tolling and the twenty-first-birthday period of limitations.

Because a statute of limitations defense to CSC I was not available to defendant, he was not entitled to relief under MCR 6.508(D) for purposes of trying to escape his guilty plea, and we need not entertain any issues concerning waiver. Accordingly, we affirm the trial court's ultimate ruling, albeit for a reason different than the court's "waiver" analysis, upon which we take no position.

Affirmed.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Brock A. Swartzle

---

[6] The exact timeframe would be dependent on the specific date of the crime in relationship to the victim's fifth year of life.