*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEMARIO DESHAWN BONDS,

        Defendant-Appellant.

UNPUBLISHED
March 25, 2021

No. 346871
Genesee Circuit Court
LC No. 13-034148-FC

Before: BORRELLO, P.J., and BECKERING and SWARTZLE, JJ.

PER CURIAM.

This case comes before this Court a second time. We previously adjudicated defendant's direct appeal. The instant appeal involves the trial court's denial of defendant's motion for relief from judgment. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

A jury found defendant guilty of first-degree premeditated murder, MCL 750.316(1)(a), felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. In his direct appeal, defendant raised double-jeopardy and other-acts-evidence issues, and this Court affirmed defendant's convictions.[1]

Defendant subsequently moved the trial court for relief from judgment and for an evidentiary hearing. The trial court denied these motions. Defendant sought delayed leave to appeal, which this Court denied.[2] Defendant sought leave to appeal to our Supreme Court. Our Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court "for

---

[1] *People v Bonds*, unpublished per curiam opinion of the Court of Appeals, issued August 17, 2017 (Docket No. 331776).

[2] *People v Bonds*, unpublished order of the Court of Appeals, entered April 23, 2019 (Docket No. 346871).

consideration as on leave granted of the defendant's ineffective assistance of appellate counsel issue based on his argument under MCR 6.508(D)(3) that the 26-month delay between his arrest and trial deprived him of his right to a speedy trial. *People v Williams*, 475 Mich 245 (2006); *Barker v Wingo*, 407 US 514, 532 (1972)." *People v Bonds*, 505 Mich 966 (2020). Our Supreme Court's remand order further stated: "In all other respects, leave to appeal is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *Id*. For purposes of this appeal, the underlying facts surrounding the offenses are not at issue.

## II. STANDARD OF REVIEW

"With respect to MCR 6.508, [w]e review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Kasben*, 324 Mich App 1, 7; 919 NW2d 463 (2018) (quotation marks and citation omitted; alteration in original). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018) (quotation marks and citation omitted). "Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id*. at 565 (quotation marks and citation omitted).

## III. ANALYSIS

Defendant contends that his first appellate counsel was ineffective for failing to raise on appeal the argument that defendant was denied his right to a speedy trial. According to defendant, the approximately 26-month delay between when he was charged and when he was finally tried can be attributed entirely to the fault of the prosecution and defendant was prejudiced by his lengthy pretrial incarceration because it caused him to refrain from testifying at his trial due to severe mental anxiety. Defendant contends that the trial court erred by denying his pretrial motion to dismiss the case for a violation of his right to a speedy trial and that his convictions would have been vacated on appeal if his first appellate counsel had raised the speedy trial issue. Thus, he contends that he is entitled to relief from the judgment and that his convictions should be vacated now.

"Motions for relief from judgment are governed by MCR 6.500 *et seq*." *Johnson*, 502 Mich at 565. Under MCR 6.508(D), "[t]he defendant has the burden of establishing entitlement to the relief requested."

The test for ineffective assistance of appellate counsel is the same as that for trial counsel. *People v Uphaus*, 278 Mich App 174, 186; 748 NW2d 899 (2008). Accordingly, to establish ineffective assistance of appellate counsel, defendant must show (1) that his first appellate counsel's performance in declining to raise the speedy trial issue "fell below an objective standard of reasonableness under the prevailing professional norms" and (2) that "there is a reasonable probability that, but for counsel's error, the result of the [appeal] would have been different." *Id*. at 185, 186. "Appellate counsel may legitimately winnow out weaker arguments in order to focus on those arguments that are more likely to prevail." *Id*. at 186-187.

Both the Michigan Constitution and United States Constitution guarantee the right to a speedy trial. US Const, Am VI; Const 1963, art 1, § 20. These rights are also enforced via statute,

MCL 768.1, and court rule, MCR 6.004(A). "The time for judging whether the right to a speedy trial has been violated runs from the date of the defendant's arrest." *People v Williams*, 475 Mich 245, 261; 716 NW2d 208 (2006). To determine if a defendant's right to a speedy trial was violated by pretrial delays, we employ a four-part balancing test espoused by the United States Supreme Court. *Id*. at 261-262, citing *Barker v Wingo*, 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972). These four factors [i.e., the *Barker* factors] are: "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *Williams*, 475 Mich at 261-262.

Moreover, a delay of 18 months or more is presumed to be prejudicial, and at that point, "the burden shifts to the prosecution to show that there was no injury." *Id*. at 262. "Under the *Barker* test, a presumptively prejudicial delay triggers an inquiry into the other factors to be considered in the balancing of the competing interests to determine whether a defendant has been deprived of the right to a speedy trial." *Id*. (quotation marks and citation omitted).

In this case, the prosecution does not dispute the length of the delay. Because the delay exceeded 18 months, it was presumptively prejudicial, triggering an inquiry into the remaining *Barker* factors with the burden on the prosecution to prove that there was no injury to defendant. *Williams*, 475 Mich at 262.

Regarding the second factor, the reason for the delay, defendant now argues on appeal that the delay was entirely attributable to the prosecution. However, defendant only discusses the period from June 2015 until his January 2016 trial, during which time he argues the delays were attributable to the prosecution due to an adjournment being granted at the prosecution's request, a further adjournment resulting from the prosecutor's illness, and a mistrial being granted during defendant's first trial in September 2015. Even attributing this period of delay entirely to the prosecution, defendant has only accounted for approximately seven months of the 26-month delay. By failing to fully address the reasons for the entire delay, defendant has essentially abandoned his argument on appeal. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." *People v Waclawski*, 286 Mich App 634, 679; 780 NW2d 321 (2009) (quotation marks and citation omitted).

Moreover, the lower court record belies defendant's claim that the prosecution was entirely responsible for the lengthy delay in this case. Most glaringly, defendant ignores the delays that resulted from his July 2014 request for new counsel and his new attorney's subsequent requests for adjournments for purposes of trial preparation and accommodating the new attorney's schedule. A period of delay also occurred early in the case because both the prosecution and defendant were waiting for DNA test results to arrive from the lab. This is a legitimately justified delay that we view as neutral. See *Barker*, 407 US at 531 ("[A] valid reason, such as a missing witness, should serve to justify appropriate delay."). It also appears that some delays were the result of prosecutor illness, conflicts with the prosecutor's schedule, and conflicts with the trial court's schedule. "Although delays inherent in the court system, e.g., docket congestion, are technically attributable to the prosecution, they are given a neutral tint and are assigned only

minimal weight in determining whether a defendant was denied a speedy trial." *Williams*, 475 Mich at 263 (quotation marks and citation omitted).

Moreover, there is no evidence that the prosecution in this case engaged in a "deliberate attempt to delay the trial in order to hamper the defense" that would be "weighted heavily against the government." *Barker*, 407 US at 531. Although defendant's first trial ended in a mistrial because defendant requested a mistrial after a police officer witness testifying for the prosecution brought investigation records to trial containing material that had never been disclosed to the defense *or prosecution*, we have already concluded in our prior opinion on defendant's direct appeal that "[t]here simply is no record indication that the prosecutor possessed the intent to force defendant into requesting or consenting to a mistrial." *Bonds*, unpub op at 1-2, 4. We also noted that defendant had conceded that the prosecutor was just as ignorant of these investigation records as defendant was. *Id*. at 4. Hence, the record also leads us to the conclusion here that the mistrial was not the result of a deliberate attempt by the prosecution to delay defendant's trial and hamper his defense. *Barker*, 407 US at 531.

Accordingly, although the majority of the delay in this case is technically attributable to the prosecution, the delay is overwhelmingly of a neutral character that receives minimal weight in the analysis rather than being the result of improper prosecutorial actions.

With respect to factor three, there is no dispute that defendant asserted his right to a speedy trial in the trial court below. The trial court denied defendant's pretrial motion to dismiss on speedy trial grounds following a hearing that was held approximately one month before defendant's first trial.

With respect to factor four involving prejudice, "[t]here are two types of prejudice which a defendant may experience, that is, prejudice to his person and prejudice to the defense." *Williams*, 475 Mich at 264 (quotation marks and citation omitted). Of these two, "[p]rejudice to the defense is the more serious concern, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*. (quotation marks and citation omitted).

In this case, defendant argues that "he was personally prejudiced by the lengthy incarceration because 1) other inmates in the jail were 'jumping on his case,' causing [defendant] paranoia; and 2) the delay caused [defendant] to suffer mental anxiety, causing him not to testify to his detriment as he could not defend himself by testifying." Defendant relies on this claim to assert that he "has shown both prejudice to his person and to his defense." However, defendant presented no record evidence that his ability to prepare or present his defense was actually impaired. Defendant does not give any indication regarding what he would have testified to or how his testimony would have had any favorable impact on the outcome of his trial. Where the record contains no specific proof of prejudice, a court does not clearly err by concluding that a defendant's defense was not prejudiced by the delay. *Williams*, 475 Mich at 264-265. Personal prejudice in the form of mental anxiety from pretrial incarceration is insufficient by itself to justify weighing the prejudice prong in favor of a defendant. See *id*. at 264. Our Supreme Court has held that the prejudice prong may properly weigh against a defendant if the delay does not prejudice the defendant. *Id*. This is true even if the delay is longer than the delay at issue in the instant case. See *id*.; see also *People v Chism*, 390 Mich 104, 115-116; 211 NW2d 193 (1973) (27-month delay).

In the present case, because there is no evidence of prejudiced to defendant's defense, this factor weighs against defendant.

Balancing these factors, we conclude that the record does not support a conclusion that defendant's right to a speedy trial was violated as defendant has failed to demonstrate prejudice. Additionally, the delays not attributable to defendant were of a neutral character and afforded minimal weight. Accordingly, defendant has failed to meet his burden in the context of a motion for relief from judgment to establish that he is entitled to relief on his speedy trial claim, see MCR 6.508(D), because he has not demonstrated that the prosecution would have been unable to show that he did not suffer injury from the 26-month delay before trial, see *Williams*, 475 Mich at 262. Because the speedy trial claim would not have been successful on appeal, defendant has also failed to show that his first appellate counsel performed below an objective standard of reasonableness by declining to raise it or that he suffered any prejudice as a result of his first appellate counsel's decision in this respect. *Uphaus*, 278 Mich App at 185-187.

Thus, the trial court did not abuse its discretion by denying defendant's motion for relief from judgment.[3] *Kasben*, 324 Mich App at 7.

Affirmed.

/s/ Stephen L. Borrello
/s/ Jane M. Beckering
/s/ Brock A. Swartzle

---

[3] Although defendant's appellate brief also includes an alleged violation of the 180-day rule as a separate issue, we do not address this issue because it is outside the scope of our Supreme Court's remand order. We understand our Supreme Court's order to have limited our consideration to the issue whether defendant could show ineffective assistance of appellate counsel based on the failure to raise a violation of the constitutional right to a speedy trial as an issue on direct appeal. *Bonds*, 505 Mich at 966. Our Supreme Court denied leave in all other respects. *Id.* "When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012).